Robbie Malone
State Bar No. 12876450
Jacob C. Boswell
State Bar No. 24061269
Robbie Malone, PLLC
NorthPark Central, Suite 1850
8750 North Central Expressway
Dallas, Texas   75231
214.346.2625 (Direct Dial)
214.346.2631 (Fax)
rmalone@rmalonelaw.com

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| **LATRICE COLEMAN,** | § | |
| **Plaintiff** | § | |
| | § | |
| **vs.** | § | **Civil Action No. 3:10-cv-02312-M** |
| | § | |
| **CREDIT MANAGEMENT, LP** | § | |
| **(erroneously named as The CMI** | § | |
| **Group, Inc.),** | § | |
| **Defendant** | § | |

_____

**DEFENDANT'S ORIGINAL ANSWER &  COUNTERCLAIM**

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

COMES NOW Credit Management, LP (erroneously named as "Credit Management, LP

a/k/a The CMI Group, Inc.) (referred to hereinafter as "Defendant CM" or "Defendant" or

"CM") and files the following answer:

**I.**

**INTRODUCTION**

1. Defendant denies violations of the Fair Debt Collection Practices Act, _15 U.S.C. §1692 et_

   _seq._ (FDCPA).

2. Defendant does not have sufficient information at this time to admit or deny that it acted

   through its agents, employees, officers, members, directors, heirs, successors, assigns,

principals, trustees, sureties, subrogees, representatives, and insurers. Defendant admits a corporation acts through employees and agents but only to the extent they act within the scope of their authority.

## II.

### JURISDICTION AND VENUE

3. Defendant does not have sufficient information to admit or deny Plaintiff's contentions that jurisdiction is proper.

4. Defendant admits that it conducts business in the state of Texas.

5. Defendant does not have sufficient information to admit or deny Plaintiff's contentions that venue is proper.

## III.

### PARTIES

6. Defendant is without sufficient information to admit or deny Plaintiff's contention that she is a natural person residing at 1535 Nottingham Drive, Lancaster, Dallas County, Texas.

7. Defendant is without sufficient information to admit or deny Plaintiff's contention that she is a consumer as defined by 15 U.S.C. 1692a(3) or that she owes a debt as that term is defined by 15 U.S.C. 1692a(5).

8. Defendant admits that it is a debt collector as that term is defined by 15 U.S.C. 1692a(6), but denies that it sought to collect a debt from Plaintiff.

9. Defendant admits that it is a national debt collection company with its main office located in Carrollton, Texas.

# IV.

## FACTUAL ALLEGATIONS

10. Defendant denies Plaintiff's contention that plaintiff was called constantly and continuously or that Defendant demanded payment for a consumer debt.

11. Defendant admits making collection calls but is without sufficient information to admit or deny Plaintiff's contention that it has been placing calls to Plaintiff "for nearly two months."

12. Defendant is without sufficient information to admit or deny Plaintiff's contention that it placed collection calls to Plaintiff daily.

13. Defendant admits placing telephone calls to number 469-449-4483, but it is without sufficient information to admit or deny whether the calls were made to Plaintiff's cellular phone or that they were collection calls.

14. Defendant admits placing telephone calls from number 817-887-2012, but it is without sufficient to admit or deny that the calls were placed to Plaintiff.

15. Defendant is without sufficient information to admit or deny Plaintiff's contention that it made calls to Plaintiff after 9:00 P.M.

16. Defendant admits to calling the telephone number 469-449-4483 on September 12, 2010 and September 13, 2010, but is without sufficient information to admit or deny the times alleged by Plaintiff or that the calls were made to a phone number associated with Plaintiff.

## COUNT 1

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

17. Defendant responds to Plaintiff's contentions in COUNT 1 as follows:

A. Defendant is without sufficient information to admit or deny that it knowingly called Plaintiff after 9:00 P.M., but denies that called Plaintiff at a time known to be inconvenient to Plaintiff. Defendant further denies that it acted in violation of §1692c(a)(1) of the FDCPA.

B. Defendant denies that it violated §1692d of the FDCPA by engaging in conduct the natural consequence of which was to harass, oppress, and abuse Plaintiff.

C. Defendant denies that it violated §1692d(5) of the FDCPA and it denies that it "caused Plaintiff's telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff."

D. Defendant denies that it violated §1692e(10) of the FDCPA by using deceptive means in an attempt to collect a debt by communicating with Plaintiff after 9:00 P.M.

## VII.

## AFFIRMATIVE DEFENSES

18. Subject to and without waiving the above responses, Defendant asserts the following affirmative defenses:

A. Defendant asserts the affirmative defense of "bona fide error" as provided by 15 U.S.C. §1692k(c), which provides that "a debt collector may not be held liable in any action brought under [the FDCPA] if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." Defendant has a procedure for discontinuing telephone calls if it learns that it is calling the wrong party or if the party it is

calling requests a cease and desist on all telephone calls. In the present matter, Plaintiff never informed Defendant that it was calling the wrong party, nor did it request that Defendant discontinue the calls.

B. Defendant further asserts the affirmative defense of failure to mitigate. The damages claimed by Plaintiff could have been mitigated by due diligence on her part or by one acting under similar circumstances. To wit, Plaintiff could have answered any one of the telephone calls sent to the telephone number 469-449-4483, but failed to do so. Such failure prevented Defendant from initiating anyone of the procedures that would have discontinued further telephone calls.

19. Defendant alleges that Complaint does not describe the alleged actions with sufficient particularity to permit it to ascertain what other defenses may exist. Therefore, Defendant reserves the right to assert all defenses that may pertain to the Complaint as the facts are discovered.

## VIII.

## COUNTERCLAIM

20. Defendant alleges that Plaintiff has brought the present action in bad faith and for purposes of harassment.

21. To wit, Plaintiff attached a screen shot of her cellular phone to her Complaint (labeled by Plaintiff as "Exhibit A") and alleged that it was evidence that Defendant called her several times in a single day. To the contrary, a complete picture of the Plaintiff's screen would have shown that two of the three calls on September 13, 2010 were calls Plaintiff made to Defendant.

22. Accordingly, Defendant is entitled to recover its attorneys fees and costs under 15 U.S.C. §1692k(a)(3).

WHEREFORE, PREMISES CONSIDERED, Defendant, Credit Management, LP, prays as follows:

A.  For Plaintiff to take nothing by way of her Complaint herein and that this action is dismissed in its entirety with prejudice;

B.  For Defendant's attorneys fees and costs incurred herein;

C.  For such other further relief as the Court may deem just and proper.

Respectfully submitted,


/s/Robbie Malone
ROBBIE MALONE
State Bar No. 12876450
Northpark Central, Suite 1850
8750 North Central Expressway
Dallas, Texas 75231
(214) 346-2625
(214) 346-2631 FAX
E-mail: rmalone@rmalonelaw.com

*Attorney for Defendant*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been forwarded via United States Postal Service on this 13th day of December, 2010 to:

*CM/RRR*
Peter Cozmyk Esq.
Attorney for Plaintiff
Krohn & Moss, Ltd.
3 Summit Park Dr.
Suite 140
Independence, OH 44131


/s/Robbie Malone


**DEFENDANT'S ORIGINAL ANSWER – Page 6**
**Coleman v. Credit Management, LP**