**UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF TEXAS,
DALLAS DIVISION**

| | | |
|---|---|---|
| LATRICE COLEMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **Case No.** 3:10-cv-02312-M |
| | § | |
| CREDIT MANAGEMENT LP, a/ka/ THE | § | |
| CMI GROUP, | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S NOTICE AND MOTION TO DISMISS DEFENDANT'S BAD
FAITH COUNTERCLAIM**

**TO ALL PARTIES AND ATTORNEYS OF RECORD:**

**NOTICE IS HEREBY GIVEN** that Plaintiff, LATRICE COLEMAN ("Plaintiff"), through

her attorneys, KROHN & MOSS, LTD., hereby moves this Honorable Court to dismiss the Bad

Faith Counterclaim filed by Defendant, CREDIT MANAGEMENT LP, a/k/a THE CMI GROUP

("Defendant"), pursuant to Federal Rule of Civil Procedure 12(b)(6).  Defendant's Counterclaim of

bad faith is not a valid counterclaim recognized by Federal Courts and Defendant is attempting to

circumvent the requirements under the Fair Debt Collection Practices Act ("FDCPA"), and the

Federal Rules of Civil Procedure ("FRCP"). This instant motion is based upon the following

memorandum of points and authorities.

///

///

///

///

///

Dated:  January 12, 2011

RESPECTFULLY SUBMITTED,

KROHN & MOSS, LTD.


By:  /s/ Peter J. Cozmyk

Peter J. Cozmyk
KROHN & MOSS, LTD.
8043 Corporate Circle
Suite 3
North Royalton, OH 44133
(323) 988-2400 x213 (direct)
(866) 799-3206 (fax)
pcozmyk@consumerlawcenter.com
Attorneys for Plaintiff,
LATRICE COLEMAN

**UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF TEXAS,
DALLAS DIVISION**

| | | |
|---|---|---|
| LATRICE COLEMAN, | § | |
| | § | |
|   Plaintiff, | § | |
| | § | |
| v. | § | **Case No.** 3:10-cv-02312-M |
| | § | |
| CREDIT MANAGEMENT LP, a/ka/ THE | § | |
| CMI GROUP, | § | |
| | § | |
|   Defendant. | § | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S
MOTION TO DISMISS DEFENDANT'S BAD FAITH COUNTERCLAIM**

Plaintiff respectfully submits her Motion to Dismiss Defendant's Bad Faith Counterclaim for failure to state a claim for which relief may be granted, pursuant to FRCP 12(b)(6). In support of her Motion, Plaintiff states the following:

**I.     INTRODUCTION**

On November 15, 2010, Plaintiff filed her Verified Complaint against Defendant, alleging violation of the FDCPA, 15 U.S.C. 1692 *et seq*. (Document No. 1). Specifically, Plaintiff alleged the that the Defendant placed multiple collections a day, nearly every day, to Plaintiff and placed collection calls to Plaintiff after 9:00 p.m. Plaintiff alleges that Defendant's conduct is violative of the FDCPA, specifically §§ 1692c(a)(1),1692d, 1692d(5), and 1692e(10). In support of Plaintiff's claims, Plaintiff attached a photograph of her cellular phone showing recent call history evidencing a received call from Defendant after 9:00 p.m. (attached as "Exhibit A" to Plaintiff's Complaint).

On December 13, 2010, Defendant filed its Answer and erroneous Bad Faith Counterclaim. (Document No. 4). Defendant's erroneous Bad Faith Counterclaim states that "Defendant alleges that Plaintiff has brought the present action in bad faith and for purposes of harassment" and "[t]o

wit, Plaintiff attached a screen shot of her cellular phone to her Complaint (labeled by Plaintiff as "Exhibit A") and alleged that it was evidence that Defendant called her several times in a single day. To the contrary, a complete picture of the Plaintiff's screen would have shown that two of the three calls on September 13, 2010 were calls Plaintiff made to Defendant."

Plaintiff now brings this Motion to Dismiss Defendant's Bad Faith Counterclaim pursuant to Rule 12(b)(6) of the FRCP, for failure to state a claim upon which relief can be granted as Defendant's "counterclaim" for Bad Faith is not a recognized stand alone cause of action applicable in this matter.  Furthermore, a "counterclaim" for Bad Faith in FDCPA actions has been summarily rejected by District Courts throughout the country.

## II.     STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits Plaintiff to seek dismissal of Defendant's Bad Faith Counterclaim because it fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  A FRCP 12(b)(6) motion to dismiss tests "the formal sufficiency of the statement of a claim for relief and is 'appropriate when [the moving party] attacks the [pleading] because it *fails to state a legally cognizable claim*." *Whiddon v. Chase Home Fin., LLC*, 666 F. Supp. 2d 681, 685 (E.D. Tex. 2009) *citing Ramming v. United States,* 281 F.3d 158, 161 (5th Cir.2001), *cert. denied,* 536 U.S. 960 (2002) (emphasis added).  Moreover, "the [non-moving party's] [pleading] must be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged." *Id.* at 686 *citing Elliott v. Foufas,* 867 F.2d 877, 880 (5th Cir.1989) (internal quotation omitted).  Accordingly, "factual allegations must be enough to raise a right to relief above the speculative level." *Id. citing Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *accord Cuvillier v. Taylor,* 503 F.3d 397, 401 (5th Cir.2007); *In re Katrina Canal Breaches Litig.,* 495 F.3d 191, 205 (5th Cir.2007) (internal quotation omitted).

The Supreme Court of the United States set forth the framework for considering motions to dismiss.  The Court held:

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, ***because they are no more than conclusions, are not entitled to the assumption of truth.*** While legal conclusions can provide the framework of a [pleading], they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine ***whether they plausibly give rise to an entitlement of relief***.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) (emphasis added).  Here, Defendant has alleged "bad faith" in its Counterclaim, in an attempt to circumvent the procedures in place as established by the Fair Debt Collection Practices Act and the Federal Rules of Civil Procedure.  As discussed *infra*, Defendant has failed to state a claim upon which relief can be granted.

## III.   ARGUMENT

Defendant's Bad Faith Counterclaim is substantively and procedurally flawed.  The Fair Debt Collection Practices Act and the Federal Rules of Civil Procedures provide the proper channel to allege bad faith.  However, bad faith is not a cause of action that can be brought as a counterclaim, as the Defendant did here.  As discussed *infra*, Defendant's Bad Faith Counterclaim should be dismissed pursuant to FRCP 12(b)(6) for failure to state a claim upon which relief can be granted.  However, as discussed *infra*, even if Defendant had utilized the proper channel to bring an allegation for bad faith, Defendant's baseless allegation would fail.

### A.   Texas Recognizes a Cause of Action for "Bad Faith" in Insurance Litigation Only

While Defendant may attempt to bring a cause of action against Plaintiff for "Bad Faith" by way of its counterclaim, Defendant curiously fails to lay out the fundamental elements required for a party to bring such a claim.  This omission is for obvious reasons as Texas only recognizes "Bad

Faith" as a stand alone cause of action in insurance claims brought before the court.

After a diligent search for any case law supporting a claim for "Bad Faith", Plaintiff's counsel discovered that such a claim is only relevant to insurance disputes.  However, in such matters, the Texas Supreme Court has clearly laid out the elements required for a party to maintain such a claim.  In the matter of *Lyons v. The Millers Casualty Insurance Company of Texas*, the Texas Supreme Court held that, "in *Aranda v. Insurance Co. of North America,* we said that to establish an insurer's liability for the tort of bad faith the insured must prove:(1) the absence of a reasonable basis for denying or delaying payment of the benefits of the policy *and* (2) that the carrier knew or should have known that there was not a reasonable basis for denying the claim or delaying payment of the claim.*748 S.W.2d 210, 213 (Tex.1988)* (emphasis in original).  *Lyons v. Millers Cas. Ins. Co. of Texas*, 866 S.W.2d 597, 600 (Tx. Sup. Ct. 1993).

Clearly, Plaintiff's FDCPA claims in this matter are inapplicable to the type of insurance dispute that a claim for "Bad Faith" encompasses as interpreted and recognized by the Texas Supreme Court.  As such, Defendant's counterclaim for "Bad Faith" is unquestionably inapplicable to the present matter and should be dismissed for failure to state a claim for which can be granted as it is not a legally cognizable claim.

**B.     The Federal Rule of Civil Procedure 11 Provides an Appropriate Channel for Defendant to Bring Forth an Allegation of "Bad Faith."**

Federal Rule of Civil Procedure 11 "encourages the policy of truth and candor toward the tribunal by sanctioning an attorney for filing court papers that are legally or factually unsupported or filing documents for solely dilatory reasons." *Spiller v. Ella Smithers Geriatric Ctr.*, 919 F.2d 339, 345 (5th Cir. 1990) *citing Sheets v. Yamaha Motors Corp, U.S.A.,* 891 F.2d 533, 535-536; W. Schwarzer, *Sanctions Under the New Federal Rule 11-A Closer Look,* 104 F.R.D. 181, 184-85

(1985).  Moreover, "Rule 11's central purpose is to deter baseless filings and streamline the administration of justice."  *Id. citing Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 393 (1990). Here, Defendant erroneously filed an Answer and Counterclaim for bad faith, alleging that "Plaintiff has brought the present action in bad faith and for purposes of harassment."  While Plaintiff has not violated Rule 11, Defendant's counterclaim impedes on federal procedure addressing the very issue it seeks to improperly put before a jury.

### C.    FDCPA § 1692(k) Provides an Appropriate Channel for Defendant to Bring Forth an Allegation of "Bad Faith."

Although there is no evidence to suggest that Defendant is entitled to reasonable attorney fees and costs under § 1692(k)(a)(3) of the FDCPA, this statute states:

> On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

In order "[t]o recover attorney's fees under the FDCPA, the ***prevailing*** defendant must show affirmatively that the plaintiff brought the FDCPA claim in bad faith and for the purpose of harassment."  *Perry v. Stewart Title Co.*, 756 F. 2d 1197, 1211 (5th Cir. 1985) (emphasis added).

A court within the Fifth Circuit examined this issue of whether a defendant can bring a counterclaim for bad faith, as Defendant has done here.  In dismissing the defendant's counterclaim for bad faith, the court in *Taylor v. Frost-Arnett Company of Tennessee* held:

> This Court finds that the defendant's claim is ***premature***.  The bad faith and harassment allegations of the counterclaim, even if proved, afford neither a defense to the merits of the case ***nor provide the defendant with a cause of action under the FDCPA***.  The FDCPA merely provides a means for seeking an award of attorney's fees if the defendant prevails on the merits and then files a motion for attorneys' fees and proves that the suits were brought in bad faith and for the purpose of harassment. ***The statute does not expressly state that it provides a cause of action to a defendant in a bad faith***

*claim*, but rather states the Court may award such fees.  Thus, the statute provides relief, ***but not a claim, to a defendant in an action brought under the FDCPA***.

*Taylor v. Frost-Arnett Company of Tennessee*, 1998 WL 472052 at *1 (E.D. La Aug. 5, 1998) (emphasis added).

Additionally, the majority of courts throughout the nation, addressing the same issue before this Court, have consistently held that a counterclaim for harassment is improper under 15 U.S.C. § 1692k(a)(3).  In granting the plaintiff's motion to dismiss defendant's improper counterclaim for bad faith, the court in *Kropf v. TCA, Inc.* held, "the Fair Debt Collection Practices Act ***does not create an independent cause of action for attorney's fees*.**  *Kropf v. TCA, Inc.*, 2010 WL 4722282 at *1, --- F.Supp.2d. --- (E.D. Mich. Nov. 22, 2010) (emphasis added).  In addition to holding that the defendant cannot bring a counterclaim for harassment, the *Kropf* court further reasoned that the defendant's request for attorney's fees was also "premature."  *Id*.

Furthermore, the *Kropf* court examined court decisions throughout the nation that consistently "dismissed the counterclaim [for harassment] as premature or for lack of a statutory cause of action."  *Id*. at *3; *See, e.g., Hardin v. Folger,* 704 F.Supp. 355, 356-57 (W.D.N.Y.1988) (dismissing the counterclaim because section 1692k(a)(3) "provides relief*, **but not a claim***, to defendants"); *Chlanda v. Wymard*, 1994 WL 583124 at *1 (S.D. Ohio Aug. 16, 1994) (finding that the defendant's counterclaim for bad faith and harassment ***"fails to state a claim upon which relief can be granted"***); *Crow v. Wolpoff & Abramson*, 2007 WL 1247393 at *5 (D. Minn. Apr. 19, 2007) (denying Defendant's request to treat the affirmative defense of bad faith as a counterclaim, and holding that 15 U.S.C. § 1692k(a)(3) creates a claim ***after a finding that Plaintiff's case was brought in bad faith, which can only take place when the primary dispute is resolved***); *Kirscher v. Messerli & Kramer, P.A.,* 2006 WL 145162 at *7 (D. Minn. Jan. 18, 2006) (***dismissing the***

*defendant's counterclaim* but permitting it to request attorney's fees *by a separate  motion filed at a later stage in the proceedings*); *Young v. Reuben*, 2005 WL 1484671 at *1-2 (S.D. Ind. June 21, 2005) (same).

Here, Defendant argues Plaintiff filed her Complaint "in bad faith and for purposes of harassment" but rather than pursue the remedy available under the FDCPA at the conclusion of this case, Defendant improperly filed its Counterclaim, seeking to take this issue outside the province of the Court at the conclusion of this action.  Plaintiff filed her complaint alleging violations of the FDCPA and provided photograph evidence supporting her claims.  Accordingly, it cannot be said that Plaintiff's pursuit of this case was done with the belief that the claims were factually unsupportable.  Nevertheless, it should not be left for the jury, should Plaintiff not prevail, to determine if this action was brought for an improper purpose as Defendant's Counterclaim would require.  Rather, any issue raised by Defendant's Counterclaim regarding Plaintiff's purpose for filing her Complaint should be addressed by this Court after the resolution of this case, pursuant to the plain language of section 1692k(a)(3) of the FDCPA.

## IV.    CONCLUSION

WHEREFORE, Plaintiff, LATRICE COLEMAN, respectfully request this Honorable Court grant Plaintiff's Motion to Dismiss Defendant's Counterclaim, for failure to state a claim for which relief may be granted, pursuant to the Federal Rule of Civil Procedure 12(b)(6).  As discussed *supra*, Defendant is erroneously attempting to absolve itself of the requirements of the Fair Debt Collection Practices Act and the Federal Rules of Civil Procedure through its improper counterclaim.  It is simply inappropriate for a jury to determine the issues posed by Defendant's Counterclaim. Therefore, Defendant's Counterclaim must be dismissed.

Dated:  January 12, 2011

RESPECTFULLY SUBMITTED,

KROHN & MOSS, LTD.


By:  /s/ Peter J. Cozmyk_____

Peter J. Cozmyk
KROHN & MOSS, LTD.
8043 Corporate Circle
Suite 3
North Royalton, OH 44133
(323) 988-2400 x213 (direct)
(866) 799-3206 (fax)
pcozmyk@consumerlawcenter.com
Attorneys for Plaintiff,
LATRICE COLEMAN

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business Address is 8043 Corporate Circle, Suite 3, North Royalton, Ohio 44133.

On January 12, 2011, I served the following documents:  **PLAINTIFF'S NOTICE AND MOTION TO DISMISS DEFENDANT'S BAD FAITH COUNTERCLAIM**

On the parties listed below:

Robbie Malone                                          Attorney for Defendant
Robbie Malone, PLLC
8750 North Central Expressway, Ste. 1850
Dallas, TX 75231
rmalone@rmalonelaw.com

By the following means of service:

[X]     **BY ELECTRONIC SERVICE:** the documents above were delivered electronically through the Court's ECF/PACER electronic filing system, as stipulated by all parties to constitute personal service.

[X]     **FEDERAL:** I declare under penalty of perjury under the laws of California that the above is true and correct.

Executed on January 12, 2011, at North Royalton, Ohio.

By:  /s/ Peter J. Cozmyk

Peter J. Cozmyk