IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LATRICE COLEMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 3:10-CV-02312 |
| CREDIT MANAGEMENT LP, a/k/a The CMI Group, | § | |
| | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion to Dismiss Defendant's Bad Faith Counterclaim [Docket Entry #7]. For the reasons explained below, the Motion is **GRANTED**.

I. BACKGROUND AND PROCEDURAL HISTORY

In September 2010, Defendant, an alleged debt collector, placed collection calls to Plaintiff, who alleges that such calls were harassing and abusive. On November 14, 2010, Plaintiff filed a Complaint, alleging that Defendant violated the Fair Debt Collection Practices Act ("FDCPA").[1] On December 13, 2010, Defendant answered the Complaint, asserting a counterclaim for bad faith and requesting attorney's fees under 15 U.S.C. §1692k(a)(3), which Plaintiff now moves to dismiss.

II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The pleading standard Rule 8 announces does not require "detailed factual allegations," but it does demand more than an

---

[1] 15 U.S.C. § 1692 *et seq.*

unadorned accusation devoid of factual support.[2] While a court must accept all of the plaintiff's allegations as true, it is not bound to accept as true "a legal conclusion couched as a factual allegation."[3] To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.[4] Where the facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that the pleader is plausibly entitled to relief.[5]

### III.   ANALYSIS[6]

Under the FDCPA, in order to recover attorney's fees, the *prevailing* defendant must show that the plaintiff brought the FDCPA claim in bad faith and for the purpose of harassment.[7] Therefore, § 1692k contemplates a post-trial proceeding following a determination on the merits of a plaintiff's complaint,[8] and thus Defendant's counterclaim is premature. However, the issue is an academic one, because Defendant may still move for attorney's fees and conduct discovery after a finding, if any, that Defendant has prevailed on Plaintiff's FDCPA claim.[9]

---

[2] *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citations omitted).
[3] *Id.* at 1949-50 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).
[4] *Twombly*, 550 U.S. at 570.
[5] Fed. Rule Civ. P. 8(a)(2); *Iqbal*, 129 S. Ct. at 1950.
[6] In support of her Motion, Plaintiff argues that a cause of action asserting bad faith is only recognized by Texas courts in insurance litigation; that Federal Rule of Civil Procedure 11 is the more appropriate procedure to determine bad faith and award Defendant attorney's fees; and that, under the FDCPA's § 1692k, Defendant's counterclaim is premature and determining bad faith for purpose of attorney's fees should be addressed by the Court at the conclusion of the litigation. Defendant asserts only that it brings the counterclaim under § 1692k, and therefore, the Court only considers Plaintiff's last argument—whether § 1692k permits Defendant's counterclaim.
[7] 15 U.S.C. § 1692k(a)(3); *Perry v. Steward Title Co.*, 756 F.2d 1197, 1211 (5th Cir. 1985) (emphasis added), *modified on other grounds*, 761 F.2d 237 (5th Cir. 1985).
[8] *Kropf v. TCA, Inc.*, --- F. Supp. 2d ----, 2010 WL 4722282 (E.D. Mich. Nov. 22, 2010) (holding that § 1692k contemplates a post-trial proceeding, such as a motion for attorney's fees, following a determination of plaintiff's FDCPA claim). The Court finds persuasive Judge Furgeson's reasoning in *Allen v. Scott,* No. 3:10-cv-2005-F, 2011 WL 219568 (N.D. Tex. Jan. 19, 2011), finding that § 1692k does not permit a counterclaim for bad faith because § 1692k does not "create an affirmative claim for relief" and defendant likely could not "recover [under § 1692k] in a separate lawsuit." *Id.* at *2.
[9] *Spira v. Ashwood Financial, Inc.*, 358 F. Supp. 2d 150, 161 (E.D.N.Y. 2005) ("The issue is really an academic one, because even though the Court dismisses the counterclaim, [d]efendant is still entitled to move for attorney's fees after entry of this Memorandum and Order if it believes that it satisfies the applicable standard."); *Crow v. Wolpoff & Abramson*, No. Civ. 06 3228 PAM/JSM, 2007 WL 1247393, at *4–5 (D. Minn. Apr. 19, 2007) (denying request to treat a § 1692k affirmative defense as a counterclaim because a finding of bad faith could only take place after the

IV.   CONCLUSION

For the reasons stated above, Plaintiff's Motion is **GRANTED**.  Defendant may move for attorney's fees under § 1692k if it is determined to be the prevailing party on Plaintiff's FDCPA claim.

**SO ORDERED.**

March 16, 2011.

                                                BARBARA M. G. LYNN
                                                UNITED STATES DISTRICT JUDGE
                                                NORTHERN DISTRICT OF TEXAS

---

resolution of plaintiff's primary claim); *Kirscher v. Messerli & Kramer, P.A.*, No. Civ. 05-1901PAMRLE, 2006 WL 145162, at *6–7 (D. Minn. Jan. 18, 2006) (in action where defendant asserted a bad faith counterclaim under the FDCPA, the court held that it "need not address the substantive arguments relating to this merely academic issue"); *Young v. Reuben*, No. 04-0113, 2005 WL 1484671, at *1–2 (S.D. Ind. June 21, 2005) (holding that defendants asserted a conditional claim, "contingent upon, and will not ripen unless and until the [c]ourt concludes that [p]laintiffs' case against [d]efendants was the result of [p]laintiffs' bad faith and intent to harass [d]efendants"); *Stoddard v. Nationwide Recovery Service, Inc.*, Civil No. 03-334-JD, 2003 WL 25273708, at *1(D. N.H. Nov. 25, 2003) ("Whether brought as a counterclaim or by motion, a claim under that section is decided by the court only after the litigation has been resolved against the plaintiff.  Therefore [defendant's] counterclaim will be considered by the court after [plaintiff's] claims are finally resolved, and no mention of or evidence pertaining to the counterclaim will be allowed at trial."); *Taylor v. Frost-Arnett Co. of Tenn.,* No. 98-0564, 1998 WL 472052, at *1 (E.D. La. Aug. 5, 1998) (determining that "[t]he bad faith and harassment allegations of the counterclaim, even if proved, afford neither a defense to the merits of the case nor provide the defendant with a cause of action under the FDCPA," and dismissing the defendant's counterclaim without prejudice to the defendant filing a motion for attorney's fees later); *Chlanda v. Wymard,* No. 3-93-321, 1994 WL 583124, at *1 (S.D. Ohio Aug. 16, 1994) (holding that § 1692k did not create a cause of action but allowed for a motion for attorney's fees).