Robbie Malone
State Bar No. 12876450
Jacob C. Boswell
State Bar No. 24061269
Robbie Malone, PLLC
NorthPark Central, Suite 1850
8750 North Central Expressway
Dallas, Texas   75231
214.346.2625 (Direct Dial)
214.346.2631 (Fax)
rmalone@rmalonelaw.com

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LATRICE COLEMAN, | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | Civil Action No. 3:10-cv-02312-M |
| | § | |
| CREDIT MANAGEMENT, LP | § | |
| (erroneously named as The CMI | § | |
| Group, Inc.), | § | |
| Defendant | § | |

## DEFENDANT'S MOTION TO COMPEL DISCOVERY RESPONSES

COMES NOW, Defendant Credit Management, LP, and files this Motion to Compel Discovery Responses, and would respectfully show to the Court as follows:

**I.**

**FACTS**

1.   This case began when Credit Management attempted to collect a debt.  Credit Management made, over the course of nearly a year, approximately nineteen collection calls to the phone number in its records.  The phone number apparently belonged to Plaintiff, so these collection calls mistakenly went to Plaintiff's phone; however, Plaintiff was not the debtor whom Credit Management intended to reach.  Plaintiff claims that these 19 phone calls within a year

amounted to "constantly and continuously" receiving calls from Credit Management.

2. Additionally, Plaintiff claims that one of the calls made to her was after 9:00 p.m., the statutorily-identified time to cease collection calls; Credit Management denies this claim. Notably, Plaintiff never answered any of the calls from Credit Management. Because of this, she failed to inform Credit Management that its calls were to the wrong party, or that it should discontinue calls to her number.

3. On November 15, 2010, Plaintiff filed her Initial Petition alleging violations of the Fair Debt Collection Practices Act under 15 U.S.C. §§ 1692d, 1692d(5) and 1692e(10). Specifically, she claims Credit Management made calls with the purpose of harassing or abusing her, kept her phone repeatedly and continuously ringing, and used deceptive means to collect a debt. Plaintiff now demands $1000 in statutory damages, as well as costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k. Credit Management sent Discovery Requests to Plaintiff on April 27, 2011. Plaintiff responded on April 26, 2011, objecting to the request below. Def. App. at 2. Credit Management now asks the Court to compel Plaintiff to respond to this request without objection.

## II.

## ARGUMENT AND AUTHORITIES

4. The purpose of discovery is in part to help avoid judicial surprise, narrow the parties' theories of liability and defense, and give all parties full knowledge of the facts so they can prepare for trial. *See Brown Badgett, Inc. v. Jennings*, 842 F.2d 899, 902 (6th Cir. 1988); *O2 Micro Int'l v. Monolithic Power Sys.*, 467 F.3d 1355, 1365 (Fed. Cir. 2006); *Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce Fenner & Smith, Inc.*, 756 F.2d 230, 236 (2nd Cir. 1985).

A. **PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 12:** Produce all documents reflecting attorneys' fees, costs, fee agreements, engagement letters, billing records and/or invoices, from the attorneys representing you in this case, for which you are seeking compensation.

**RESPONSE**: Objection: The question is overly broad and remote and as such is not calculated to lead to the discovery of information relevant to the subject matter of this action nor to the discovery of admissible evidence.

5. Plaintiff has requested attorney's fees as the most significant portion of her damages. This has put attorney's fees, along with the fee agreements and billing records, at issue in this case, thereby making it relevant information. Plaintiff's request for attorney's fees as part of her damages makes this information reasonably calculated to lead to admissible evidence. It is also properly discoverable information regarding the interests and incentives of the parties involved. The documents contain necessary information in making proper settlement offers, as well as factual issues to which Credit Management is entitled. Credit Management should also be given an idea of what Plaintiff expects to collect if she prevails. It is Plaintiff's burden to prove that the attorney-client privilege she claims outweighs the relevancy of these documents. Plaintiff also "must show specifically" how the request is irrelevant or overly broad, which her response failed to do. *See Josephs v. Harris Corp.*, 677 F. 2d 985, 992 (3d Cir. 1982). Plaintiff should be compelled to produce these documents without objection.

### III.

### CONCLUSION

6. WHEREFORE, PREMISES CONSIDERED, Defendant Credit Management, LP, respectfully requests that the Court Compel Plaintiff to provide the requested documents and for such other and further relief as it may show itself justly entitled.

          Respectfully submitted,

          **ROBBIE MALONE, PLLC**

          /s/Robbie Malone
          ROBBIE MALONE
          State Bar No. 12876450
          JACOB C. BOSWELL
          State Bar No. 24061269
          Northpark Central, Suite 1850
          8750 North Central Expressway
          Dallas, Texas 75231
          (214) 346-2625
          (214) 346-2631 FAX
          E-mail: rmalone@rmalonelaw.com

          ATTORNEY FOR DEFENDANT

## CERTIFICATE OF CONFERENCE

Counsel for Defendant has engaged in good faith negotiations with the attorney for Plaintiff to determine whether there was opposition to this motion. After such negotiations, the parties were unable to reach agreement. It is therefore submitted to the Court for consideration.

          /s/Robbie Malone

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been forwarded via ECF on this 24th day of May, 2011 to:

*CM/RRR*
Peter Cozmyk
Attorney at Law
Krohn & Moss, Ltd
8043 Corporate Circle, Suite 3
North Royalton, OH 44133

          /s/Robbie Malone