IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LATRICE COLEMAN, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | |
| CREDIT MANAGEMENT, LP, | § | |
| | § | CIVIL ACTION NO. 3:10-CV-2312-M |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Credit Management, LP's Motion for Summary Judgment [Docket Entry # 27]. The Motion is **GRANTED**.

**FACTS**

Defendant is a debt collector, operating nationwide. Defendant's Appendix ("Def. App.") 1, ¶ 3. On December 22, 2009, Time Warner Cable hired Defendant to pursue collection of an alleged debt from an individual identified as A.H., residing in California. *Id.* at ¶ 4. Defendant's research erroneously ascertained the telephone number (469) 4xx-4xxx[1] as belonging to A.H. *Id.* at ¶ 5. That number belongs to Plaintiff Latrice Coleman, a resident of Lancaster, Texas. *See id.* at 22 (Coleman Dep. 17: 23-25).[2] From August 2, 2010 to October 18, 2010, Defendant called Plaintiff's phone fourteen times. Def. App 1, ¶ 6. Plaintiff alleges that these calls were made in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*

---

[1] Phone number is redacted to maintain Plaintiff's privacy.
[2] Citations to the Coleman deposition include the page number of the deposition within Defendant's Appendix, followed by the line numbers. For instance, Def. App. 22 (Coleman Dep. 17: 23-25) refers to Defendant's Appendix page 22, Coleman Deposition page 17, lines 23-25.

Plaintiff testified at deposition that she never answered any of the calls from Defendant. Def. App. 22 (Coleman Dep. 20: 5-18); *see also* Def. App. 1, ¶ 7. Plaintiff attempted to call Defendant on three occasions. *See* Def. App. 1-2, ¶ 8-11 and Def. App. 23 (Coleman Dep. 22: 6-12). During the first of those phone calls, on September 14, 2010, Plaintiff spoke with one of Defendant's agents, but did not identify herself. *Id.* at 1, ¶ 8. On October 14, 2010, Plaintiff called Defendant twice. During the first October 14 call, Plaintiff hung up without identifying herself. During the second call, Plaintiff told Defendant she was not the individual sought by the Defendant. *Id.* at 2, ¶ 9-11. Thereafter, Plaintiff received no additional phone calls from Defendant. *Id*. at 23 (Coleman Dep. 23: 4-16). It is the policy of Defendant to place a hold code on any number it is informed is incorrect, and never to call a consumer before 8:00 a.m. or after 9:00 p.m. local time as indicated by the location of the person sought. *Id*. at 1, ¶ 12-15.

## PROCEDURAL HISTORY

On November 15, 2010, Plaintiff filed her Complaint, alleging violations of 15 U.S.C. §§ 1692c(a)(1), 1692d, 1692d(5), and 1692e(10). Plaintiff later withdrew her claim under § 1692e(10).[3] On December 13, 2010, Defendant filed its Answer, denying liability and asserting the affirmative defenses of bona fide error under 15 U.S.C. § 1692k, and failure to mitigate. Additionally, Defendant asserted a Counterclaim under 15 U.S.C. § 1692k(a)(3), alleging bad faith, and seeking recovery of costs and attorney's fees. The Court dismissed Defendant's Counterclaim in a Memorandum Opinion and Order, dated March 16, 2011, stating that the Counterclaim could not be brought until Defendant prevailed on the merits and showed in a post-judgment proceeding that the suit was brought in bad faith with the intent to harass. [Docket Entry #13].

---

[3] *See generally* Def. App. 14-15 (Plaintiff's Response to Request for Admission No. 21, 22, 26, 27); *see also* Plaintiff's Opposition to Defendant's Motion to Compel [Docket Entry #22] at 1.

**STANDARD OF REVIEW**

Summary judgment is warranted if the pleadings, discovery, disclosure materials, and supporting affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.[4] A genuine issue of material fact exists when a reasonable jury could find for the non-moving party.[5] The moving party bears the initial burden of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact.[6] Once the movant carries its initial burden, the burden shifts to the nonmovant to show that summary judgment is inappropriate, by designating specific facts beyond the pleadings that prove the existence of a genuine issue of material fact.[7] In determining whether genuine issues of material fact exist, "factual controversies are construed in the light most favorable to the nonmovant, but only if both parties have introduced evidence showing that an actual controversy exists."[8]

**DISCUSSION**

As an initial matter, Plaintiff stated in a filing with the Court that she "withdrew her allegation that Defendant violated § 1692e(10)."[9] However, Plaintiff did not formally amend her Complaint to reflect withdrawing the claim. Therefore, the Court **DISMISSES** the § 1692e(10) claim, with prejudice.

Courts have used different standards for demonstrating whether plaintiffs can sue under §§ 1692c and 1692d, since one section protects "consumers" and the other protects "any person."

---

[4] Fed. R. Civ. P. 56(c).
[5] *Gates v. Tex. Dep't of Protective & Regulatory Servs.*, 537 F.3d 404, 417 (5th Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).
[6] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 325).
[7] *See* Fed. R. Civ. P. 56(e)(2); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Fields v. City of S. Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991).
[8] *Lynch Props.*, 140 F.3d at 625 (citation omitted).
[9] Plaintiff's Opposition to Defendant's Motion to Compel [Docket Entry #22] at 1.

*Compare* 15 U.S.C. § 1692c(a), "[w]ithout the prior consent of the consumer given directly to the debt collector . . . a debt collector may not communicate with a *consumer* in connection with the collection of any debt," (emphasis added), *with* 15 U.S.C. § 1692d, "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse *any person* in connection with the collection of a debt." (emphasis added).

### A. Plaintiff's Claim Under § 1692c.

Plaintiff's first cause of action is asserted under § 1692c(a)(1). In relevant part, it states that a debt collector shall not contact a consumer "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer."[10] It further states that a convenient time is assumed to be between 8:00 a.m. and 9:00 p.m., local time.[11] Here, Plaintiff alleges that Defendant violated § 1692c(a)(1) by calling her three times after 9:00 p.m. in Texas, where Plaintiff resides. Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment ("Opp. Brief"), at 8-9. Plaintiff argues Defendant knew, or should have known, that it was calling a Texas resident because the area code it called, "469", is generally a Dallas area code. *Id.* at 8-9. Defendant argues that Plaintiff is not a "consumer" under the statute since she was not, in fact, the debtor being sought, and therefore cannot sue under § 1692c(a)(1). Defendant's Brief in Support of Motion for Summary Judgment ("Def. Brief"), at 6, ¶ 17. In the alternative, Defendant argues that it did not, and could not, have known that its calls were being made at an inconvenient time, as it believed the telephone number belonged to an individual living in California, which is in a time zone two hours earlier than Texas. *Id.* at ¶ 20-22. Plaintiff argues that because Defendant called her phone number it was alleging that Plaintiff owed the debt. *See generally* Opp. Brief at 7.

---

[10] 15 U.S.C. § 1692c(a)(1).
[11] *Id.*

A consumer is defined by the FDCPA as "any natural person obligated or allegedly obligated to pay any debt."[12] Courts around the country have relied on the reasoning of *Montgomery v. Huntington Bank,* 346 F.3d 693 (6th Cir. 2003), to deny a claim to plaintiffs who are not consumers under § 1692c.[13] In *Montgomery*, the court found that the plaintiff could not assert a claim under § 1692c because he did not claim that the debt collector had ever asserted that he was obligated, or alleged to be obligated, to pay the debt, which was in fact owed by his mother for a purchase note on a car.[14] Although the note holder had informed the repossession agent that the car might be in the possession of plaintiff, and the car was repossessed at plaintiff's property, the Court found that the plaintiff was not "alleged" to owe the debt, and denied him the right to assert a claim under § 1692c.[15]

Plaintiff makes no allegation that Defendant ever asserted that she was liable for the debt, and as soon as Defendant discovered it had the wrong person, it stopped calling the Plaintiff. *See* Def. App. 27 (Coleman Dep. 37: 7-16). Plaintiff's argument that the repeated calls give rise to an inference that Defendant was alleging Plaintiff to be liable for the debt is not supported in the record or by law. The Court finds Plaintiff is not a consumer as defined under the FDCPA, and

---

[12] 15 U.S.C. § 1692a(3).
[13] *Montgomery v. Huntington Bank*, 346 F.3d 693, 696 (6th Cir. 2003) (citing *Wright v. Fin. Ser. of Norwalk, Inc.*, 22 F.3d 647, 649 n. 1 (6th Cir. 1994) (en banc)); *see also Kaniewski v. Nat'l Action Fin. Servs.*, 678 F.Supp.2d 541, 545 (E.D. Mich. 2009) ("...there is no dispute that Plaintiff is not obligated, or alleged to be obligated, to pay any debt. Accordingly, he lacks standing to assert claims under §1692c..."); *Bank v. Pentagroup Fin., LLC*, No. 08-CV-5293 (JG) (RML), 2009 U.S. Dist. LEXIS 47985, at, *12-15 (E.D.N.Y. 2009); *Pauly v. GC Servs.*, No. 8:06CV704, 2007 U.S. Dist. LEXIS 26688, at *5-6 (D. Neb. April 11, 2007); *Mathis v. Omnium Worldwide*, Civ. No. 04-1614-AA, 2006 U.S. Dist. LEXIS 36963 (D. Ore. June 4, 2006); *Obenauf v. Frontier Fin. Group, Inc.*, No. CIV 11-0085 JB/KBM, 2011 U.S. Dist. LEXIS 53593, at 32-33, 43-44 (D.N.M. May 6, 2011); *Frazer v. IPM Corp. of Brevard, Inc.*, 767 F. Supp. 2d 1369, 1371 (N.D. Ga. 2011) (adopting Magistrate Judges' recommendation that Plaintiff lacks standing under § 1692c relying on *Montgomery*, *Frazer v. IPM Corp. of Brevard, Inc.*, 767 F. Supp. 2d 1369, 1376 (N.D. Ga. 2011) (Mag. J. Baverman)).
[14] *Montgomery*, 346 F.3d at 697; *accord Prophet v. Myers*, No. H-08-0492, 2009 WL 1437799, at *3 (S.D. Tex. May 21, 2009) ("A third party, non-debtor does not have standing to assert a FDCPA violation based on collection efforts aimed at someone else"); *See also Deuel v. Santander Consumer USA, Inc.*, 700 F.Supp.2d 1306, 1312 (S.D. Fla. 2010) (holding that, "[p]laintiff never alleges that she was ever obligated to pay the Debt. Likewise, Plaintiff never alleges that Defendant told her she was obligated to pay the Debt. Thus, Plaintiff is not a 'consumer' within the FDCPA. Accordingly, Plaintiff does not have standing to maintain an action for violation of 15 U.S.C. § 1692c(b).")
[15] *Montgomery*, 346 F.3d at 697.

thus, as a matter of law, she cannot recover under § 1692c. Therefore, Defendant's Motion for Summary Judgment on Plaintiff's claim under § 1692c(a)(1) is **GRANTED.**

*B. Plaintiff's Claims Under § 1692d*

Plaintiff's second and third causes of action arise under § 1692d. In relevant part, that section states that "a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."[16] Specifically, Plaintiff claims that Defendant violated § 1692d(5), which prohibits "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." Plaintiff claims that Defendant's fourteen telephone calls, three of which were received after 9:00 p.m., create an inference that it was Defendant's intent to harass, oppress, or abuse her regarding the debt. *See* Def. App. 24 (Coleman Dep. 27-29). Defendant claims that it is not possible for it to have intended to harass Plaintiff when it did not even believe Plaintiff to be the debtor. *Id.* at 10, ¶ 23.

After disposing of the § 1692c claim, the Sixth Circuit in *Montgomery* found the Plaintiff could bring a claim under § 1692d, since it refers to "any person."[17] The court read the broad language of § 1692d in conjunction with the remedial provisions of § 1692k to conclude that "any person who has been harmed by a proscribed debt collection practice under § 1692d . . . [may] sue for damages under § 1692k(a)(2)(A)."[18] This Court agrees and finds the Plaintiff can bring a claim under that provision.

---

[16] 15 U.S.C. § 1692d.
[17] *Montgomery*, 346 F.3d at 697 (stating, "However, § 1692c 'appears to be the most restrictive of the FDCPA's provisions. The other provisions are not limited to 'consumers,' and thus are broader than § 1692c.'").
[18] *Id.; see also Kerwin v. Remittance Assistance Corp.*, 559 F.Supp.2d 1117, 1123 (D. Nev. 2008)(citing *Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 777 (9th Cir. 1982) for proposition that "[p]ersons who do not owe money but are subject to improper practices by debt collectors are covered by the FDCPA.").

The Court must next determine whether the Defendant "caus[ed] a telephone to ring or engage[ed] any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass."[19] Intent to annoy, abuse, or harass may be inferred from the totality of the circumstances regarding the alleged repeated and continuous calling.[20] Some courts have found as a matter of law that intent to annoy may not be inferred merely from repetitive calling, but others have found that the question of intent to annoy is a matter for the jury.[21]

Here, Defendant admits it made fourteen calls to Plaintiff's number during the period of August 9, 2010 to October 18, 2010, none of which were answered. *See* Def. App. 1, at ¶ 6. It is undisputed that once Plaintiff called Defendant and clarified that she was not the individual sought in connection with the debt, the phone calls stopped. *See* Def. App. 23 (Coleman Dep. 23: 4-16).

The Court finds that as a matter of law, Defendant cannot be found to have intended to annoy, abuse, or harass the Plaintiff. Plaintiff does not dispute that the calls were made in connection with a debt owed by a California resident to Time Warner Cable. Def. App. 1, ¶ 4. Plaintiff confirms that the representative to whom she spoke made no disparaging remarks towards her nor made any threat to her. *See generally id.* at 24 (Coleman Dep. 27-28). In fact, Plaintiff does not have an issue with the content of the phone calls; Plaintiff only claims that the number of calls and the time they were made show intent to harass. *Id*. at 24-25 (Coleman Dep.

---

[19] 15 U.S.C. § 1692d(5).
[20] *See, e.g., Meadows v. Franklin Collection Serv., Inc.*, 414 F. App'x 230, 233-34 (11th Cir. 2011); *Kerwin*, 559 F. Supp. 2d at 1124; *Joseph v. J.J. Mac Intyre Cos., LLC*, 238 F. Supp. 2d 1158, 1168 (N.D. Cal. 2010); *Young v. Asset Acceptance, LLC*, No. 3:09-cv-2477-BH, 2011 WL 1766058, at *3 (N.D. Tex. 2011).
[21] *Compare Tucker v. The CBE Group, Inc.*, 710 F. Supp. 2d 1301, 1305-06 (M.D. Fla. 2010)(57 calls and six voicemails not sufficient to show intent to harass without other egregious conduct); *Waite v. Fin. Recovery Servs., Inc.*, No. 8:09-cv-02336-T-33AEP, 2010 WL 5209350, at *3-4 (M.D. Fla. Dec. 16, 2010) (132 calls in a nine-month period without other impermissible conduct does not constitute intent to harass), *with Holland v. Bureau of Collection Recovery*, No. 8:10-cv-2632-T-26TGW, 2011 U.S. Dist. LEXIS 90231, at *6-8 (M.D. Fla. Aug 2, 2011) (court found triable issue of fact where there were allegations of over thirty calls in a two month span and plaintiff alleged that defendant had been told numerous times that the debt was not owed and was asked repeatedly to stop calling).

28-29). The Court finds that a violation of § 1692d(5) did not occur. The frequency of the phone calls averages only one per every five days, a number that does not rise to the level of abuse as a matter of law under these circumstances. The Court finds that the mistake as to time zone of the phone number, coupled with the fact that the calls ceased once Defendant discovered its error negates, as a matter of law, any intent to harass under § 1692d. Therefore, Defendant's Motion for Summary Judgment on Plaintiff's claims under § 1692d is **GRANTED**.

*C. The Bona Fide Error Defense*

Even if the Court had found a violation under either § 1692c or § 1692d, the Court finds that the Defendant committed a bona fide error. 15 U.S.C. § 1692k(c) provides that "[a] debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of the evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." Plaintiff claims that Defendant has failed to show as a matter of law that the procedures and practices it employed are reasonably adapted to prevent this type of error. *See generally* Opp. Brief 18-20.

In order for Defendant to prevail on a bona fide error defense, it must show that the violation was unintentional, a bona fide error, and made despite reasonable precautions and practices to avoid such errors.[22] The Tenth Circuit, in *Johnson v. Riddle*, stated that "[w]hereas the intent prong of the bona fide error defense is a subjective test, the bona fide and the procedures prongs are necessarily objective tests."[23] The Court in *Johnson* used a two-step inquiry to address the objective factors, looking at whether the preventative practices and

---

[22] *Johnson v. Riddle*, 443 F.3d 723, 727-28 (10th Cir. 2006); *Cole v. Procollect, Inc.*, No. H-09-3240, 2010 U.S. Dist. LEXIS 142667, at *23 (S.D. Tex. Dec. 23, 2010).
[23] *Johnson*, 443 F.3d at 729; *accord Liu v. Arrow Fin. Servs., LLC*, No. H-0803116, 2010 U.S. Dist. LEXIS 48241, at *8-9 (S.D. Tex. May 17, 2010).

precautions were actually employed, and whether they were reasonably adapted to the specific error that occurred.[24] The Ninth Circuit has gone further, stating that a debt collector must do more than just claim "reasonable procedures"; the collector must offer some explanation of how such procedures operate and why they are reasonably adapted to the error.[25]

Here, the Defendant proffers the affidavit of Nelson Wilson, Director of Training & Professional Development for Defendant, as evidence of its practices and procedures regarding telephone calls. *See* Def. App. 1-3. Mr. Wilson states that it is Defendant's policy to remove incorrect phone numbers as soon as the Defendant is put on notice that such number is incorrect, by coding the number "141". *Id.* at 2. This procedure stops future calls to a flagged number. Additionally, Mr. Wilson states that it is Defendant's policy not to call a consumer outside the statutorily defined convenient times, based on the address of the party Defendant intends to contact. *Id.*

Defendant has met its burden of showing reasonable procedures to avoid mistakes. Once Plaintiff told Defendant she was not the person it sought in connection with the debt, its phone calls to her ceased. Defendant's practice of coding incorrect numbers as "141" was proven effective by an absence of calls to Plaintiff after she informed Defendant of its mistake. Therefore, even if these calls had been found to be in violation of § 1692c or § 1692d, the Court finds, as a matter of law, based on the undisputed facts, that Defendant committed a bona fide error under 15 U.S.C. § 1692k(c), which is a complete defense to Plaintiff's claims.

---

[24] *Johnson*, 443 F.3d at 729.
[25] *Reichert v. Nat'l Credit Sys., Inc.*, 531 F.3d 1002, 1007 (9th Cir. 2008).

## CONCLUSION

Defendant's Motion for Summary Judgment is **GRANTED**. Plaintiff's claims are **DISMISSED** with prejudice.

**SO ORDERED this 2nd day of November 2011.**

**BARBARA M. G. LYNN**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**