IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LATRICE COLEMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:10-CV-2312-M (BK) |
| | § | |
| CREDIT MANAGMENT LP, | § | |
| a/k/a The CMI Group, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, and RECOMMENDATION**

Pursuant to the District Court's order of reference (Doc. 46), *Defendant's Motion for 28 USC § 1927 Sanctions* has been referred to the undersigned for recommendation or determination. For the reasons discussed below, it is recommended that Defendant's motion (Doc. 37) be **GRANTED.**

**BACKGROUND**

On November 15, 2010, Plaintiff brought this suit against Credit Management LP for violations of the Federal Fair Debt Collection Practices Act, found at 15 U.S.C. § 1692, *et seq.* ("FDCPA"). (Doc. 1). Defendant denied each of Plaintiff's claims and brought a counterclaim for attorney fees under 15 U.S.C. § 1692k(a), alleging that Plaintiff filed its action in bad faith or for purposes of harassment. (Doc. 4 at 5-6). The Court dismissed Defendant's counter-claim, holding that "Defendant may move for attorney's fees under § 1692k if it is determined to be the prevailing party on Plaintiff's FDCPA claim." (Doc. 13 at 3).

On November 2, 2011, the Court granted Defendant's *Motion for Summary Judgment*, finding: (1) Plaintiff's claim under section 1692c(a)(1) failed as a matter of law because Plaintiff was not a consumer under the FDCPA; (2) Plaintiff's two claims under section 1692d failed as a

1

matter of law because "the mistake as to time zone of the phone number, coupled with the fact that the calls ceased once Defendant discovered its error negates . . . any intent to harass;" and (3) even if the court would have found a violation under either section 1692c or section 1692d, Defendant showed that any violation was a result of bona fide error and, thus, Defendant could not be held liable. (Doc. 35 at 5-9).

On December 23, 2011, Defendant filed the motion *sub judice*, arguing that Plaintiff's counsel improperly brought this lawsuit in bad faith and with improper motive. (Doc. 37-2 at 20). Defendant contends that had Plaintiff's counsel simply interviewed his client prior to filing the complaint, he would have known that Plaintiff lacked standing to bring this action. (Doc. 37-2 at 10). Furthermore, Defendant avers that, at the very least, Plaintiff's counsel should have dismissed the case after Plaintiff's deposition. *Id*. at 10-16. Defendant asserts that by filing this lawsuit without first interviewing Plaintiff about the relevant facts, and subsequently continuing with the litigation after Plaintiff's deposition, Plaintiff's counsel acted vexatiously and in bad faith. *Id*. at 9-16. In response, Plaintiff's counsel argues the complaint was colorable because there was a factual basis to support the lawsuit, such as Defendant's collection calls to Plaintiff outside of the hours allowed by section 1692c. (Doc. 44 at 9-12). In addition, Plaintiff responds that section 1692c applies to Plaintiff because she was allegedly obligated to pay the debt based on Defendant's calls to her. *Id*. at 10-12.

## APPLICABLE LAW

Under 28 USC § 1927(a)(3), "[o]n a finding by the court that an action under [section 1927] was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." Such sanction will only be imposed when the court finds that the plaintiff's attorney increased the proceedings

unreasonably and vexatiously -- a standard that focuses on the conduct of the litigation and not on the merits. *Bryant v. Military Dep't of Mississippi*, 597 F.3d 678, 694 (5th Cir. 2010). Prevailing under section 1927(a)(3) requires sufficient "evidence of bad faith, improper motive or reckless disregard of the duty owed to the court." *Bryant* 597 F.3d at 694 (quoting *Proctor & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 525-26 (5th Cir. 2002)). Moreover, section 1927 only authorizes shifting fees that are associated with "the persistent prosecution of a meritless claim." *Vanderhoff v. Pacheco,* 344 Fed. Appx. 22, 27 (5th Cir. 2009) (quoting *Browning v. Kramer,* 931 F.2d 340, 345 (5th Cir.1991)). The decision of whether to impose section 1927 sanctions is left to the court's discretion. *Topalian v. Ehrman,* 3 F.3d 931, 936 (5th Cir. 1993).

## ANALYSIS

Plaintiff's response to the motion for sanctions is silent as to whether her counsel was aware that Plaintiff did not actually owe, and was not alleged to have owed, the debt Defendant's representatives attempted to collect. Nor does the response indicate whether, before filing suit, Plaintiff's counsel even inquired of his client regarding these requisite facts. The complaint, which was verified by Plaintiff and signed by her counsel, specifically alleges, however, that "Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*." (Doc. 1 at 2). At a minimum, Plaintiff's counsel acted with "reckless disregard of the duty owed to the court" by not confirming that there was a factual basis for these assertions. *See Bryant* 597 F.3d at 694. Under the rules of civil procedure, by presenting to the court a pleading signed by him, an attorney "certifies that to the best of [his] knowledge, information, and belief, formed <u>after an inquiry reasonable under the circumstances</u>," the claims and other legal contentions "are

3

warranted by existing law," and that "the factual contentions have evidentiary support." FED. R. CIV. P. 11(b) (emphasis added).

In any event, Plaintiff's deposition testimony left no doubt that she did not qualify as a consumer under the FDCPA, so that her section 1692c claim was dead in the water. During her deposition, Plaintiff freely admitted that: (1) once Plaintiff spoke to Defendant's representative, it was confirmed that she was not the debtor being sought; (2) Defendant's representative stated that the phone calls would cease; (3) Plaintiff no longer received phone calls from Defendant's representatives once the mistake was discovered; and (4) the representative to whom Plaintiff spoke apologized and made no disparaging remarks or threats. (Doc. 27-2 at 22-24). According to Plaintiff, Defendant never alleged that she owed a debt, and Defendant was attempting to collect from another person when its representatives mistakenly called Plaintiff's telephone number. Thus, the undersigned concludes that Plaintiff's counsel "persistently prosecuted" the section 1692c claim, even after Plaintiff's admissions during her deposition testimony conclusively established it was frivolous.

The undersigned does not reach the same conclusion as to the remaining 1692d counts, however. While the District Court concluded that Defendant lacked intent to harass as a matter of law, the Court also acknowledged that other courts are split regarding whether intent to annoy is a fact question for the jury or may be found by the court as a matter of law. (Doc. 35 at 7). Moreover, it was not until Defendant presented summary judgment evidence that it had procedures in place to prevent the errors that led to Plaintiff's claim, that its statutory defense of bona fide error was established. *See* 15 U.S.C. § 1692k ("A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error

4

*notwithstanding the maintenance of procedures reasonably adapted to avoid any such error*.") (emphasis added). Although after Plaintiff's deposition, Plaintiff's counsel was certainly aware that Defendant had contacted Plaintiff by mistake and then rectified that error immediately after learning of it, there is no evidence that Plaintiff's counsel knew, or should have known, that Defendant had procedures in place to avoid making such errors. Thus, the undersigned cannot find that he acted in bad faith with intent to harass by not moving to dismiss the section 1692d claims before Defendant established its defense.

## CONCLUSION AND RECOMMENDATION

Plaintiff's counsel persistently prosecuted a frivolous section 1692c claim even after Plaintiff's deposition testimony conclusively established that she was not a consumer under the FDCPA. Consequently, the actions of Plaintiff's counsel in prolonging litigation relating to that claim beyond the date of Plaintiff's deposition were unreasonable and vexatious. Defendant's *Motion for Sanctions* should be **GRANTED,** and Plaintiff's counsel should be **ORDERED** to pay one-third of Defendant's reasonable attorneys' fees incurred in defense of this suit for the period beginning after Plaintiff's deposition continuing through the Court's order of dismissal. *See Rhinehart v. CBE Group, Inc*., 714 F. Supp. 2d 1183, 1186 (M.D. Fla., May 27, 2010) (ordering similar sanctions and admonishing Plaintiff and her counsel for filing frivolous claims).[1]

---

[1] While *Rhinehart* is not controlling, the Court nevertheless finds it instructive regarding the sanctions to be imposed when counsel's actions regarding particular claims, as opposed to the entire complaint, unreasonably and vexatiously multiplied the proceedings.

In the event this Recommendation is accepted by the District Court, Defendant is **ORDERED** to file, within 14 days of the District Court's order of acceptance, an affidavit <u>detailing</u> its attorney fees for that period. Any opposition to Defendant's affidavit must be filed within 14 days of the date Defendant's affidavit is filed.

**SIGNED** on April 12, 2012.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE